IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
2:19-CV-2-BO

| | | |
|---|---|---|
| ANTOINE D. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ROY COOPER, Governor of the State of North | ) | |
| Carolina, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on a variety of motions. Plaintiff, proceeding *pro se*, has moved for entry of default [DE 71, 72] and entry of default judgment [DE 74, 75] against defendants Roy Cooper and Joshua Stein. Plaintiff has also moved for a temporary restraining order [DE 85] and a preliminary injunction [DE 98], as well as for leave to file excess pages [DE 107, 116, 117]. Defendants have filed four motions to dismiss. [DE 89, 94, 111, 113]. Defendants have also filed motions for extensions of time. [DE 70, 91, 102, 109, 120]. All of the motions are ripe for disposition. For the reasons that follow, defendants' motions for extensions of time [DE 70, 91, 102, 109, 120] are GRANTED, plaintiff's motions for leave to file excess pages [DE 107, 116, 117] are GRANTED, plaintiff's motions for default and default judgment [DE 71, 72, 74, 75] are DENIED, defendants' motions to dismiss [DE 89, 94, 111, 113] are GRANTED, and plaintiff's motions for a temporary restraining order and preliminary injunction [DE 85, 98] are DENIED AS MOOT.

## BACKGROUND

In May 2018, plaintiff was convicted of misdemeanor sexual battery, in violation of N.C. Gen. Stat. § 14-27.33, in Cumberland County, North Carolina. [DE 1, ¶ 1]. Upon his release from

incarceration, plaintiff registered with the Sheriff of Hertford County, North Carolina, as required by N.C. Gen. Stat. § 14-208.7. *Id.* ¶ 5. Plaintiff remains registered with Hertford County. *Id.*

In August 2018, plaintiff was charged with violating N.C. Gen. Stat. § 14-208.11(a)(2), which requires registered sex offenders to notify the sheriff's offices in their counties of a change of address within three business days. *Id.* ¶ 6. Plaintiff states that he did not learn of the existence of an arrest warrant until October 2018, at which time he turned himself in. [DE 5, p. 1]. The charge was dismissed in November 2018. *Id.* at 2.

Plaintiff, proceeding *pro se*, initiated this action in January 2019. [DE 1]. Plaintiff complains about the ongoing obligations and restrictions that North Carolina law places upon him due to his conviction of misdemeanor sexual battery. Plaintiff has named as defendants Roy Cooper, the Governor of North Carolina, in his official capacity; Joshua Stein, the Attorney General of North Carolina, in his official capacity; Erik A. Hooks, the Secretary for the Department of Public Safety, in his official capacity; the Hertford County Sheriff's Office; Dexter Hayes, the Sheriff of Hertford County, in his official capacity; Marty Davis, an officer in the Hertford County Sheriff's Office who is purportedly "in charge of the Sex Offender Registry within the County of Hertford," in his official capacity; and all of the individual district attorneys in North Carolina, who are again named in their official capacities. *Id.* ¶¶ 7–20.

Plaintiff asserts seven causes of action. First, plaintiff alleges that N.C. Gen. Stat. §§ 14-208.9(a) and 14-208.11(a)(2) are unconstitutionally vague and therefore violate his due process rights. *Id.* ¶¶ 103–97. Second, plaintiff alleges that N.C. Gen. Stat. § 14-208.18(a)(3) is unconstitutionally vague. *Id.* ¶¶ 198–222. Third, plaintiff alleges that he has been deprived of property and liberty without due process of law as a result of the State's enforcement of Article 27A of Chapter 14 of the General Statutes of North Carolina. *Id.* ¶¶ 223–90. Fourth, plaintiff

2

alleges that the continued enforcement of Article 27A deprives him of his substantive due process rights. *Id.* ¶¶ 291–316. Fifth, plaintiff alleges that the in-person reporting requirements of certain subsections of Article 27A and information-verification requirements of other subsections subject him to unreasonable searches and seizures in violation of the Fourth Amendment. *Id.* ¶¶ 317–43. Sixth, plaintiff alleges that Article 27A requires him to involuntarily disclose information to law enforcement that could be used to charge and prosecute him and therefore violates his Fifth Amendment rights against self-incrimination. *Id.* ¶¶ 344–68. Finally, plaintiff alleges that Article 27A's requirements amount to cruel and unusual punishment, in violation of the Eighth Amendment, for the misdemeanor sexual battery charge of which he was convicted. *Id.* ¶¶ 369–461. Plaintiff therefore asks this Court to declare Article 27A, as well as many of its subsections, unconstitutional and to enjoin defendants from enforcing it.

On March 27, 2019, plaintiff moved for entry of default against defendants Cooper and Stein, arguing that defendants Cooper and Stein had been served with the complaint on March 4 and March 5 and neither had filed a responsive pleading within 21 days. [DE 71, 72]. On the same day, plaintiff moved for entry of default judgment against defendants Cooper and Stein. [DE 74, 75]. The following day, defendants Cooper, Stein, and Hooks moved for an extension of time to file an answer or other responsive pleading to plaintiff's complaint. [DE 70]. Plaintiff opposes the extension. [DE 84].

On March 29, plaintiff moved for entry of a temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure. [DE 85]. Plaintiff asks this Court to prevent defendants from enforcing N.C. Gen. Stat. § 14-208.9(e), which requires a registered person who "changes an online identifier, or obtains a new online identifier . . . within 10 days, [to] report in person to the sheriff of the county with whom the person is registered to provide the new or changed online

identifier information to the sheriff." Plaintiff specifically argues that he would like to create an online log-in to use the Public Access to Court Electronic Records (PACER) program, but does not wish to appear in-person at the Hertford County Sheriff's Office to report his new PACER log-in. [DE 86, p. 6].

In April 2019, the Hertford County Sheriff's Office moved to dismiss plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the Sheriff's Office is not a legal entity that is subject to suit. [DE 85]. Plaintiff responded in opposition to dismissal, arguing that the Sheriff's Office is an unincorporated organization subject to suit under N.C. Gen. Stat. §1-69.1. [DE 100]. Around the same time, defendants Davis and Hayes moved for an extension of time to file a responsive pleading. [DE 91]. Again, plaintiff responded in opposition. [DE 93].

Defendants Cooper, Stein, and Hooks also moved to dismiss plaintiff's complaint under Rules 12(b)(2) and 12(b)(6) in April. [DE 94]. Defendants argue that this Court lacks personal jurisdiction over them and that plaintiff has otherwise failed to state a claim upon which relief can be granted. [DE 95]. Plaintiff has moved for leave to file excess pages in response to the motion to dismiss [DE 107] and has responded in opposition to dismissal [DE 108].

Plaintiff has also moved for a preliminary injunction to prevent defendants from enforcing N.C. Gen. Stat. § 14-208.9A, which requires individuals with reportable convictions to verify their personal information semi-annually. [DE 98]. Defendants Cooper, Hooks, and Stein moved for an extension of time to file a response to plaintiff's motion for a preliminary injunction [DE 109], but no response has yet been filed.

The district attorney defendants also moved for a second extension of time to file a responsive pleading [DE 102], after their first extension was granted in March [DE 67]. In May,

4

the district attorney defendants moved to dismiss plaintiff's complaint under Rules 12(b)(1) and 12(b)(6), arguing that this Court lacks subject-matter jurisdiction and that plaintiff has otherwise failed to state a claim upon which relief can be granted. [DE 111]. Shortly thereafter, defendants Davis and Hayes moved to dismiss under Rule 12(b)(6) for failure to state a claim. [DE 113]. Plaintiff moved for leave to file excess pages in response to both motions to dismiss [DE 116, 117], then responded in opposition to dismissal [DE 118, 119]. Defendants Davis and Hayes have moved for an extension of time to file a reply to plaintiff's response, requesting an extension until July 2, but no reply has yet been filed. [DE 120]. All of the pending motions are now ripe for disposition.

## DISCUSSION

At the outset, for good cause shown, all of the defendants' motions for extensions of time [DE 70, 91, 102, 109, 120] are granted. Plaintiff's repeated contentions that defendants have not demonstrated good cause for their requests are unpersuasive. Because the motion to dismiss filed by defendants Cooper, Stein, and Hooks is therefore timely, plaintiff's motions for entry of default and default judgment against defendants Cooper and Stein are denied. Also, for good cause shown, plaintiff's motions for leave to file excess pages are granted.

The Court now turns to the motions to dismiss. Defendants have moved to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted under Rules 12(b)(1), 12(b)(2), and 12(b)(6).

The district attorney defendants have moved to dismiss under Rule 12(b)(1), arguing that the Court lacks subject-matter jurisdiction over plaintiff's claims against them. The existence of subject-matter jurisdiction is a threshold question that a court must address before considering a case's merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998). "Subject-matter

jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject-matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g.*, *Evans*, 166 F.3d at 647.

Defendants Cooper, Stein, and Hooks have moved to dismiss under Rule 12(b)(2), arguing that the Court lacks personal jurisdiction over them. Where a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff has the burden of showing that jurisdiction exists. *See In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997); *Young v. F.D.I.C.*, 103 F.3d 1180, 1191 (4th Cir. 1997). When a court considers a challenge to personal jurisdiction without an evidentiary hearing and on the papers alone, it must construe the relevant pleadings in the light most favorable to the plaintiff. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

All of the defendants have moved to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. When considering a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged," as merely reciting the elements

6

of a cause of action with the support of conclusory statements does not suffice. *Iqbal*, 556 U.S. at 678. The Court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Additionally, plaintiff's *pro se* status does not excuse him from compliance with the Federal Rules of Civil Procedure. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## 1. Plaintiff's claims against the Hertford County Sheriff's Office are dismissed.

The Hertford County Sheriff's Office has moved to dismiss plaintiff's claims against it on the grounds that the Sheriff's Office is not a legal entity that is capable of being sued. It is well-established that sheriffs' departments in North Carolina are not legal entities that can be sued in federal court. *See, e.g.*, *Parker v. Bladen Cty.*, 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008) ("[T]he Bladen County Sheriff's Department lacks legal capacity to be sued."); *Capers v. Durham Cty. Sheriff Dep't*, No. 1:07-CV-825, 2009 WL 798924, at *5 (M.D.N.C. 2009) ("I agree that Defendant Durham County Sheriff Department is not a legal entity capable of being sued").

Plaintiff contends that, contrary to this persuasive precedent, the Hertford County Sheriff's Office is capable of being sued as an unincorporated association. Plaintiff appears to agree that state law governs whether state governmental agencies are capable of being sued in federal court. [DE 100, p. 4]; *see also Avery v. Burke*, 660 F.2d 111, 113–14 (4th Cir. 1981). This Court has previously found that N.C. Gen. Stat. § 153A-11 recognizes that counties may be subjected to suit, but that "no corresponding statute" authorizes suit against a county sheriff's department. *Parker*, 583 F. Supp. 2d at 740. Plaintiff argues that the county sheriffs' departments are subject to suit under N.C. Gen. Stat. § 1-69.1 as unincorporated associations. The statute does not define unincorporated associations, so plaintiff relies on Black's Law Dictionary to define an

unincorporated association as, effectively, a group of individuals organized for a specific purpose or having a common interest. Plaintiff relies on the Hertford County Sheriff's Office's mission statement, arguing that the department should be treated as an unincorporated association.

But the Court finds that the Sheriff's Office is not subject to suit as an unincorporated association. The Hertford County Sheriff's Office is a governmental unit, established by the State Constitution and governed by Chapter 153A of North Carolina's General Statutes. It is not an unincorporated association, regardless of definition, and therefore is not subject to suit as an unincorporated association. Federal courts have previously declined similar invitations to convert governmental units into unincorporated associations in order to subject them to suit. *See, e.g.*, *Dean v. Barber*, 951 F.2d 1210, 1214–15, n.4 (11th Cir. 1992) (affirming the district court's dismissal of claims against a sheriff's department and refusing to extend the definition of "unincorporated association" to government units); *Brown v. Fifth Judicial Dist. Drug Task Force*, 255 F.3d 475, 477 (8th Cir. 2001) (holding that a government drug task force was not subject to suit as an unincorporated association).

The Hertford County Sheriff's Office is not a legal entity capable of being sued. Thus, plaintiff cannot state a claim against the Sheriff's Office upon which relief could be granted. Plaintiff's claims against the Sheriff's Office must be dismissed. The Hertford County Sheriff's Office's motion to dismiss is granted.

**2. Plaintiff's claims against defendants Cooper, Stein, and Hooks are dismissed.**

Defendants Cooper, Stein, and Hooks have moved to dismiss plaintiff's claims against them under both Rule 12(b)(2) and Rule 12(b)(6). First, defendants argue that the Court lacks personal jurisdiction over them. Effectively, defendants argue that they are not the proper parties to plaintiff's claims.

8

As a general matter, state officers sued in their official capacities are immune from suit under the Eleventh Amendment. But the doctrine of *Ex parte Young*, 209 U.S. 123, 159–60 (1908), provides an exception to Eleventh Amendment immunity where suit is brought against state officials and "(1) the violation for which relief is sought is an ongoing one, and (2) the relief sought is only prospective." *Republic of Paraguay v. Allen*, 134 F.3d 622, 627 (4th Cir. 1998). "[A] court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective'" to determine whether *Ex parte Young* applies. *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (citation omitted). "The requirement that the violation of federal law be ongoing is satisfied when a state officer's enforcement of an allegedly unconstitutional state law is threatened, even if the threat is not yet imminent." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 330 (4th Cir. 2001), *cert. denied*, 535 U.S. 904 (2002). Here, defendants do not argue that plaintiff is seeking purely retroactive relief, and the Court accepts that plaintiff is seeking prospective relief. The Court also finds that, viewing the complaint in the light most favorable to the non-moving party, plaintiff has alleged ongoing violations of law.

To be a proper party in an *Ex parte Young* suit, a state officer sued must have "some connection with the enforcement of the act" in question. *Lytle v. Griffith*, 240 F.3d 404, 409 (4th Cir. 2009). This requirement is a practical one: for proper resolution of the question, the proper party must be before the court. If a party that does not have a relationship to the actual enforcement is sued, that suit should be dismissed. Whether there is a "special relation" under *Ex parte Young* is a question of proximity. *S.C. Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 333 (4th Cir. 2008).

As to defendant Cooper, the Court finds that the connection between the governor and the enforcement of the challenged state laws is too general to support the exercise of personal

9

jurisdiction. *See S.C. Wildlife Fed'n*, 549 F.3d at 333 (determining that a general authority to enforce laws is insufficient). Defendant Cooper, in his official capacity as governor of North Carolina, is not subject to suit under *Ex parte Young*. He retains his Eleventh Amendment immunity. As such, plaintiff's claims against defendant Cooper must be dismissed.

As to defendants Stein and Hooks, however, the Court finds that it does possess personal jurisdiction. The Attorney General has, upon the request of a county's district attorney, the authority to prosecute or assist in the prosecution of criminal cases. N.C. Gen. Stat. § 114-11.6. Plaintiff has indicated that defendant Stein has enough of a connection to the enforcement of North Carolina criminal laws to satisfy the requirements for personal jurisdiction under *Ex parte Young*. Plaintiff has also alleged that defendant Hooks is "responsible for compiling and keeping current the central statewide registry." [DE 1, ¶ 11]; *see also* N.C. Gen. Stat. § 14-208.14. The fact that the Secretary delegates responsibility for the statewide registry to the State Bureau of Investigations does not place the Secretary at too far a remove to be subjected to suit, given the statutory authority vested in him. Both Attorney General Stein and Secretary Hooks, in their official capacities, are closely related to the enforcement of the challenged laws and are therefore subject to suit.

The Court finds, however, that plaintiff's claims against defendants Stein and Hooks must nonetheless be dismissed under Rule 12(b)(6). First, plaintiff's claims that N.C. Gen. Stat. §§ 14-208.9(a) and 14-208.11(a)(2) are unconstitutionally vague must be dismissed as a matter of law. Plaintiff alleges that both provisions are unconstitutionally vague on their face because of the use of the phrase "change of address." [DE 1, ¶ 103]. But facial challenges to statutes are disfavored because they tend to be speculative and to risk the "premature interpretation of statutes." *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450 (2008). In order to prevail on a

10

facial attack on a statute, a plaintiff must "establish 'that no set of circumstances exist under which [the statute] would be valid,' or that the statute lacks any 'plainly legitimate sweep.'" *United States v. Stephens*, 559 U.S. 460, 472 (2010) (citations omitted).

Plaintiff has not demonstrated either that no set of circumstances exist under which §§ 14-208.9(a) and 14-208.11(a)(2) would be valid or that either statute lacks a "plainly legitimate sweep." Instead, he relies on hypotheticals that merely demonstrate why facial challenges to statutes are disfavored. Further, it is clear that the statutes are not unconstitutionally vague. To be invalidated on vagueness grounds, statutes must either (1) fail to provide notice to enable ordinary people to understand the type of conduct that is prohibited or (2) encourage arbitrary and discriminatory enforcement. *See City of Chicago v. Morales*, 527 U.S. 41, 56 (1999); *see also Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 442 (4th Cir. 2013) (laws provide inadequate notice "if ordinary people cannot understand what conduct is prohibited"). And North Carolina's appellate courts have already defined "address" in the phrase "change of address," removing any possibility that it could be misunderstood in the way that plaintiff claims. *See State v. Abshire*, 363 N.C. 322, 330–31, 677 S.E.2d 444, 450 (N.C. 2009) (determining that a registrant's address is the "actual place of abode where he or she lives, whether permanent or temporary"); *State v. Worley*, 198 N.C. App. 329, 338, 679 S.E.2d 857, 864 (N.C. Ct. App. 2009) (the registry "operate[s] on the premise that everyone does, at all times, have an 'address' or some sort, even if it is a homeless shelter, a location under a bridge or some similar place"). As a matter of law, plaintiff's claims that N.C. Gen. Stat. §§ 14-208.9(a) and 14-208.11(a)(2) are unconstitutionally vague must be dismissed.

Second, plaintiff's claim that N.C. Gen. Stat. § 14-208.18(a)(3) is unconstitutionally overbroad and vague must also be dismissed as a matter of law. Section 14-208.18(a)(3) restricts

some registrants from knowingly being present at "any place where minors frequently congregate, including, but not limited to, libraries, arcades, amusement parks, recreation parks, and swimming pools, *when minors are present*." N.C. Gen. Stat. § 14-208.18(a)(3) (emphasis added). Overbreadth challenges are an exception to the federal courts' general reluctance to permit facial challenges to statutes. The overbreadth doctrine permits facial invalidation of laws that inhibit the exercise of First Amendment rights when the impermissible applications of the law are substantial in comparison to its legitimate applications. *Morales*, 527 U.S. at 52. To prevail, a plaintiff must demonstrate that a statute's overbreadth is both "real" and "substantial." *Hill v. Colorado*, 530 U.S. 703, 732 (2000). And again, to establish that a statute is vague, plaintiff must demonstrate that it "is impermissibly vague in all its applications." *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 497 (1982).

Here, plaintiff has not demonstrated that § 14-208.18(a)(3) is either overbroad or vague. Plaintiff has not shown that the impermissible applications of § 14-208.18(a)(3) are substantial in comparison to the statute's legitimate applications. Plaintiff only identifies one situation in which he believes his First Amendment rights are chilled: attending church services. [DE 1, ¶ 212]. But, considering the language of the statute and its legitimate applications, the Court finds that any potentially impermissible applications do not substantially outweigh the statute's legitimate uses. The Court also finds that, giving the language in § 14-208.18(a)(3) its ordinary meaning and usage, the statute provides ordinary people with fair notice as to the type of conduct that is prohibited. The fact that plaintiff can imagine difficult hypotheticals where application of the statute would be difficult to ascertain does not render the statute unconstitutionally vague; rather, a statute is "not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language." *U.S. v. Nat'l Dairy Prods. Corp.*, 372 U.S.

12

29, 32 (1963). As a matter of law, plaintiff's claims that N.C. Gen. Stat. § 14-208.18(a)(3) is unconstitutionally overbroad and vague must be dismissed.

Third, plaintiff's claim that his procedural due process rights were violated by his placement on the registry must be dismissed. Plaintiff bases his claim on the fact that he was placed on the registry solely because of his misdemeanor conviction of sexual battery, without regard to his particular risk of recidivism or dangerousness. Procedural due process is implicated when the state alters or extinguishes a previously recognized right or status. *Paul v. Davis*, 424 U.S. 693, 710–11 (1976). In weighing a procedural due process claim, a court must first determine "whether there exists a liberty or property interest which has been interfered with by the State" and, second, "whether the procedures attendant upon that deprivation were constitutionally sufficient." *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989) (citing *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 571 (1972) and *Hewitt v. Helms*, 459 U.S. 460, 472 (1983)).

Plaintiff has not alleged sufficient facts to state a procedural due process claim. In North Carolina, placement on the sex-offender registry depends solely on the fact of a reportable conviction, not on risk of recidivism or present dangerousness. N.C. Gen. Stat. §§ 14-208.5, 14-208.7(a). The Supreme Court has determined that offense-based registry schemes that do not consider a registrant's dangerousness do not deprive registrants of due process. *See Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 4 (2003). The Supreme Court held that due process does not entitle registrants to a hearing to establish a "fact that is not material," such as present dangerousness, when registration is based solely on a reportable conviction, which the registrant "has already had a procedurally safeguarded opportunity to contest." *Id.* at 7. The Fourth Circuit has since rejected a registrant's argument that the reclassification of her crime, resulting in the

13

requirement that she register as a sexually violent offender, without a hearing violated her procedural due process rights, determining that the registrant's argument was "foreclosed" by the Supreme Court's decision in *Connecticut Department of Public Safety v. Doe*. *Doe v. Va. Dep't of State Police*, 713 F.3d 745, 759 (4th Cir. 2013). Plaintiff's argument here, that placement on the registry based solely on the fact that he had a reportable conviction, is similarly foreclosed by binding Supreme Court and Fourth Circuit precedent. Plaintiff is not entitled to a hearing to determine his risk of recidivism or his present dangerousness given that North Carolina's statutory scheme requires only that he have a reportable conviction, and there is no question that he does. Plaintiff's procedural due process claim must be dismissed.

Fourth, plaintiff's claim that his substantive due process rights are being violated by the requirement that he register as a sex offender must be dismissed. A substantive due process claim is distinct from a procedural due process claim. Substantive due process involves the principle that there are some government actions so unjustifiable that there is no process available that could validate them. *Sylvia Dev. Corp. v. Calvert Cty., Md.*, 48 F.3d 810, 827 (4th Cir. 1995); *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997). By contrast, there are some actions that the state may take that, knowing that they affect recognized rights, provided there is adequate process to protect those interests. *Snider Intern. Corp. v. Town of Forest Heights, Md.*, 739 F.3d 120, 146 (4th Cir. 2014). These interests are necessarily less fundamental than those covered by substantive due process. *Sylvia Development Corp.*, 48 F.3d at 827. Substantive due process protects fundamental rights that are so "implicit in the concept of ordered liberty" that "neither liberty nor justice would exist if they were sacrificed." *Palko v. Connecticut*, 302 U.S. 319, 325 (1937). If a fundamental right is not implicated, a statute must be analyzed only to determine whether it is rationally related to a legitimate government interest. *Glucksberg*, 521 U.S. at 728.

14

Plaintiff has not identified any fundamental rights that North Carolina's sex-offender registry violates. As such, the Court considers only whether the challenged statutory provisions are rationally related to a legitimate government interest. It is clear that the statutes are. A plaintiff challenging the rationality of a statute bears the burden of disproving every conceivable basis that might support the statute. *FCC v. Beach Comms., Inc.*, 508 U.S. 307, 309 (1993). Plaintiff therefore appears to have two arguments: first, that requiring placement on the registry based on a reportable conviction, rather than risk of recidivism, is not rationally related to any legitimate government interest, and second, that having to appear in-person at the sheriff's office is not rationally related to any legitimate government interest. North Carolina's courts have already concluded that the registry exists to protect the public and assist law enforcement in locating sex offenders. *See Abshire*, 366 N.C. at 330; *see also State v. McFarland*, 234 N.C. App. 274, 279, 758 S.E.2d 457, 462 (N.C. Ct. App. 2014) (quoting *Worley*, 198 N.C. App. at 334–35). Requiring registration based on reportable convictions is a rational way of maintaining a sex-offender registry to protect the public. Similarly, requiring in-person visits to the sheriff's office is a rational way of assisting law enforcement in verifying that registrants are who they say that they are and are in the locations that they say they are in. Plaintiff has not alleged sufficient facts to plausibly allege any violation of his substantive due process rights based on his placement on the registry of the in-person reporting requirements. As such, plaintiff's substantive due process claim must be dismissed.

Fifth, plaintiff's Fourth Amendment claim must be dismissed. Plaintiff alleges that the requirement that he appear in person at the sheriff's office amounts to an unlawful seizure. North Carolina requires that registrants appear in person at their local sheriff's office at the time that they originally register and at certain other times. *See, e.g.*, N.C. Gen. Stat. §§ 14-208.7, 14-208.9(a)– (f), 14-208.9A(a). Plaintiff alleges that he has twice been required to appear in person: at the time

he originally registered per § 14-208.7 and when he changed his academic status per § 14-208.9(c). [DE 1, ¶ 318]. The Fourth Amendment guarantees, in relevant part, "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." Generally, a seizure occurs when a law enforcement officer, "by means of physical force or authority," restrains a citizen's liberty. *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968).

The requirement that plaintiff appear in-person at the sheriff's office does not amount to an unreasonable seizure in violation of the Fourth Amendment. Plaintiff's liberty is not restrained when he appears at the sheriff's office. While North Carolina law certainly imposes an obligation on plaintiff, and while plaintiff would surely prefer not to appear at the sheriff's office, once he has fulfilled his statutory duty and reported a change in his status or otherwise verified his information in person, he is free to go. Plaintiff is not taken into custody or otherwise prevented from leaving the sheriff's office. Plaintiff has simply not alleged sufficient facts to support a plausible Fourth Amendment violation.

Plaintiff further argues that § 14-208.9A(b) authorizes law enforcement to conduct unreasonable searches of a registrant's home, again in alleged violation of the Fourth Amendment. Section 14-208.9A(b) provides that "[d]uring the period that an offender is required to be registered . . . the sheriff is authorized to attempt to verify that the offender continues to reside at the address last registered by the offender." Plaintiff contends that this gives law enforcement the ability to conduct warrantless searches of his home at any time. Other courts, however, have rejected such a broad interpretation of § 14-208.9A(b); indeed, in *United States v. Moore*, the Western District of North Carolina determined that a registrant was not required to consent to a warrantless search under § 14-208.9A(b), and officers could not otherwise enter the home and search it without first obtaining valid consent. *United States v. Moore*, No. 5:14-CR-56, 2015 WL

93659, at \*4 (W.D.N.C. Jan. 7, 2015). There is no reason to construe § 14-208.9A(b) as broadly as plaintiff would, given that it merely authorizes law enforcement to attempt to verify that a registrant still lives at his listed address. Plaintiff has not alleged sufficient facts to state a plausible Fourth Amendment claim on the basis of either an unreasonable search or an unreasonable seizure. Thus, plaintiff's Fourth Amendment claims must be dismissed.

Sixth, plaintiff's Fifth Amendment claim must be dismissed. Plaintiff alleges that the in-person reporting requirements violate his Fifth Amendment right against self-incrimination and right to have the benefit of legal counsel during a custodial interrogation. [DE 1, ¶¶ 344–45]. Plaintiff alleges that North Carolina law requires him to provide the sheriff's office with information that might be used against him. In particular, plaintiff must provide the sheriff's office with his full name, any aliases, his date of birth, his sex, his race, his height, his weight, his eye and hair color, his driver's license number, his home address, information about his offense of conviction, his name and aliases at the time of conviction, his employment and educational status, and any online identifiers that he uses or plans to use. N.C. Gen. Stat. § 14-208.7(b).

Plaintiff has not plausibly alleged a Fifth Amendment claim. Plaintiff relies on *State v. McFarland*, where a registrant's information was used to demonstrate that he was on notice that he was required to inform the sheriff of any change in his address, to support his Fifth Amendment argument. But *McFarland* does not support plaintiff's position, given that the registrant's information was used as evidence of notice, not as evidence of any wrongdoing. None of the information that plaintiff is obligated to provide is incriminating; plaintiff's compliance with § 14-208.7(b) does not compel him to act as a witness against himself. Plaintiff's Fifth Amendment challenge to the in-person reporting requirements must be dismissed.

Plaintiff's additional Fifth Amendment argument, that North Carolina's in-person reporting requirement deprives him of the right to counsel at a custodial interrogation, must be dismissed because plaintiff has not alleged sufficient facts to demonstrate that he is in custody at the sheriff's office. *Miranda*'s procedural safeguards, including the right to the assistance of counsel, apply "only where there has been such a restriction on a person's freedom as to render him 'in custody.'" *Stansbury v. California*, 511 U.S. 318, 322 (1994) (per curiam). To determine whether an individual is in custody, a court must examine "all of the circumstances surrounding the interrogation, but the 'ultimate inquiry is simply whether there [was] a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *Id.* at 322 (quoting *California v. Beheler*, 463 U.S. 1121, 1125 (1983)) (internal citations omitted). Plaintiff has not alleged sufficient facts to demonstrate that his in-person visits to the sheriff's office place him in custody. As such, plaintiff's Fifth Amendment right to counsel does not attach during his visits to the sheriff's office, and his Fifth Amendment claim must be dismissed.

Finally, plaintiff's Eighth Amendment claim must be dismissed. Plaintiff alleges that North Carolina's sex-offender registry and all of its attendant requirements violate the Eighth Amendment's prohibition on cruel and unusual punishment. But the Supreme Court has previously determined that sex-offender registration statutes are civil, non-punitive regulatory schemes meant to protect the public. *See Doe v. Smith*, 538 U.S. 84, 105–06 (2003). To determine whether a statute is punitive, courts look at the legislature's intention. In *Smith*, the Supreme Court stated that:

> If the intention of the legislature was to impose punishment, that ends the inquiry. If, however, the intention was to enact a regulatory scheme that is civil and nonpunitive, we must further examine whether the statutory scheme is so punitive either in purpose or effect as to negate the State's intention to deem it civil.

*Smith*, 538 U.S. at 92. North Carolina intended its regulatory scheme to be civil and non-punitive. *See* N.C. Gen. Stat. § 14-208.5 (proposing to "assist law enforcement agencies' efforts to protect

communities"); *see also State v. White*, 162 N.C. App. 183, 193, 590 S.E.2d 448, 455 (N.C. Ct. App. 2004) ("we likewise conclude that the North Carolina General Assembly has expressed an intent to establish a civil regulatory scheme to protect the public"); *In re Hall*, 238 N.C. App. 322, 330, 768 S.E.2d 39 (2014) (finding that North Carolina's sex-offender registry is a non-punitive civil regulatory scheme).

Plaintiff has not alleged sufficient facts to plausibly allege an Eighth Amendment claim upon which relief could be granted. When a statute is declared to be a civil regulatory scheme, only clear proof will override that legislative intent and transform the regulation into a criminal statute. *See Hudson v. United States*, 522 U.S. 93, 100 (1997). Courts consider "whether, in its necessary operation, the regulatory scheme: has been regarded in our history and traditions as punishment; imposes an affirmative disability or restraint; promotes the traditional aims of punishment; has a rational connection to a non-punitive purpose; or is excessive with respect to this purpose." *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168–69 (1963). Plaintiff contends that Article 27A is punitive because he's been required to register as a sex offender despite already being punished for his reportable conviction and because the law prohibits him from engaging in certain conduct and limits his places of employment and residence. [DE 1, ¶¶ 376–78]. But the Supreme Court has determined that if prohibitions created by sex-offender registry schemes are minor and indirect, they are unlikely to be deemed punitive. *Smith*, 538 U.S. at 99–100. And here, plaintiff has not alleged sufficient facts to establish that he suffers from more than minor and indirect prohibitions on his employment and residence. The same is true of plaintiff's complaints about the in-person reporting requirement amounting to a punishment. Plaintiff has not alleged sufficient facts to demonstrate, under *Kennedy*, that North Carolina's expressly civil and non-

punitive scheme is, in fact, punitive. As such, plaintiff has not plausibly alleged an Eighth Amendment claim upon which relief can be granted, and his claim must be dismissed.

In sum, plaintiff's claims against defendant Cooper are dismissed for lack of jurisdiction, while plaintiff's claims against defendants Stein and Hooks are dismissed for failure to state a claim upon which relief can be granted.

### 3. Plaintiff's claims against the district attorney defendants are dismissed.

The district attorney defendants have all moved to dismiss plaintiff's claims against them both on Rule 12(b)(1) and Rule 12(b)(6) grounds. First, the district attorney defendants argue that plaintiff lacks standing under Article III to pursue claims against them. To possess standing to sue, a plaintiff must demonstrate that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) and *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)). When a plaintiff seeks injunctive relief, as here, the "injury in fact" element of standing requires more than simply an allegation of a defendant's prior wrongful conduct. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). Instead, a plaintiff must demonstrate a substantial likelihood of future harm. *Id.*

As to all but one of the defendant district attorneys, the Court finds that plaintiff does not possess Article III standing to sue. Plaintiff simply has not plausibly alleged that he faces a substantial likelihood of future harm that is fairly traceable to the conduct of any district attorney whose jurisdiction does not cover plaintiff's home in Hertford County. Plaintiff does possess standing to sue defendant Valerie Asbell in her official capacity, however, as she is the district attorney with jurisdiction over Hertford County. Plaintiff has alleged sufficient facts to

20

demonstrate that he faces the substantial likelihood of future harm that is fairly traceable to defendant Asbell, given defendant's presence on the statewide registry and his prior arrest for violating one of the provisions of Article 27A that he is now challenging. But plaintiff's claims against the remaining district attorneys are dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction.

Again, turning to plaintiff's challenges to Article 27A, however, the Court concludes that even plaintiff's claim against defendant Asbell must be dismissed. As discussed in detail above, all of plaintiff's constitutional claims to the various provisions of Article 27A must be dismissed. This is true as to defendant Asbell as it was true as to defendants Stein and Hooks. Thus, plaintiff's claims against defendant Asbell must also be dismissed. The defendant district attorneys' motion to dismiss is granted.

**4. Plaintiff's claims against defendants Hayes and Davis are dismissed.**

Defendants Hayes and Davis have moved to dismiss plaintiff's claims against them under Rule 12(b)(6). For the same reasons that plaintiff's claims against defendants Hooks, Stein, and Asbell must be dismissed, his claims against defendants Hayes and Davis must be dismissed. Plaintiff has not plausibly alleged any claim upon which relief could be granted. As such, defendants' motion to dismiss is granted, and plaintiff's claims against defendants Hayes and Davis are dismissed.

Given that the Court finds that plaintiff's complaint must be dismissed in its entirety as to all defendants, plaintiff's motions for a temporary restraining order and a preliminary injunction must also be denied as moot.

## CONCLUSION

For the above reasons, defendants' motions for extensions of time [DE 70, 91, 102, 109, 120] are GRANTED, plaintiff's motions for leave to file excess pages [DE 107, 116, 117] are GRANTED, plaintiff's motions for default and default judgment [DE 71, 72, 74, 75] are DENIED, defendants' motions to dismiss [DE 89, 94, 111, 113] are GRANTED, and plaintiff's motions for a temporary restraining order and preliminary injunction [DE 85, 98] are DENIED AS MOOT. Plaintiff's complaint is DISMISSED. The Clerk is DIRECTED to close the case.

SO ORDERED, this _____ day of October, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE